## MARIE SOLOMON v. JAKE SOLOMON

5 So. (2nd) 265                                    Division B
December 19, 1941      Rehearing Denied January 12, 1942

J. F. Gordon, for appellant.

E. F. P. Brigham, for appellee.

THOMAS, J.:

An agreement was executed by husband and wife in contemplation of divorce and by its terms each was to retain the property that party owned. There was a provision that the husband should pay the taxes and insurance upon the home of the wife and should bear the expenses and fees connected with the suit. There was incorporated in the agreement a stipulation that the "decree shall provide that the husband shall pay to the wife, $300.00 per month on the first of each . . . month" and further "that the payments by the husband of the aforesaid sum of money *and* the taxes and insurance shall continue for the natural life of the wife as long as she remains unmarried." The final decree was eventually entered and, although it contained no express provision for the payment of stipulated sums as alimony, an order was included "that the property settlement *and* agreement . . . is hereby approved and ratified in all respects and incorporated by reference into this Decree and made a part hereof." We have supplied the italics in quoting parts of the contract and the decree.

We consider the conclusion inescapable, after examining the whole plan set out in the agreement and the specific provisions with reference to payment of sums periodically and the continuance of those payments until the death or remarriage of the wife, that the letter constituted alimony.

The chancellor issued an order directing the defendant (husband) to show cause why he should not be held in contempt for disobedience of the decree by failing to meet some of these payments and later discharged the rule. In this manner is presented the question, whether the approval by the court of the agreement for alimony and the incorporation of it by

reference without a direct order to pay the amounts justifies proceedings in contempt for failure on the part of the promisor to meet his obligation.

There can be no doubt that the court in the decree sanctioned the arrangement the parties had made between themselves anent the discharge by the husband of his legal and marital duty to support the wife even after the marriage tie was severed and until she remarried.

It is the appellee's position that, although the appellant has her remedy to collect the amount due she cannot resort to proceedings in contempt for that purpose because no specific order was made by the chancellor commanding the appellee to meet the promised payments and that, therefore, he could not be punished for defiance of the decree.

It seems to be the rule that where such an agreement is merely ratified and not made a part of the final decree the husband is not responsible in contempt proceedings for default on his part, but if the agreement is embodied in the decree and contemplates when executed that it shall become a part of the court's order a failure of the husband punishable by contempt.

In the instant case the parties expressly stated not only the amounts to be paid but that the decree should include an order to pay them and, when in the final decree the chancellor approved their agreement and expressly incorporated it by reference, that was sufficient to satisfy the rule. Schnerr v. Schnerr, 128 Cal. App. 363, 17 P. (2d) 749, 27 C.J.S. Divorce, Sec. 261. It was error to discharge the offending husband and the order doing so is—

Reversed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.