STATE of Missouri, at the Relation of S. T. WHATLEY, Jr., Relator,

v.

Honorable Fred E. MUELLER, Judge of the Circuit Court of the County of St. Louis, Division No. 4 Thereof, Respondent.

No. 29245.

St. Louis Court of Appeals.

Missouri.

March 20, 1956.

Motion for Rehearing or for Transfer to Supreme Court Denied April 13, 1956.

George W. Cloyd, St. Louis, for relator.

William J. Oetting, Clayton, for respondent.

MATTHES, Judge.

This is an original proceeding in prohibition. Our preliminary writ was issued against respondent as Judge of the Circuit Court of St. Louis County, Division No. 4, thereof, commanding him to make return and show cause why final judgment should not be entered prohibiting him from hearing or taking further cognizance of, or action in, a case pending in said court, wherein Jane G. Behney, formerly Jane G. Whatley, for the benefit of Elizabeth E. Whatley and Janet E. Whatley, minors, is plaintiff, and S. T. Whatley, Jr., relator herein, is defendant. For the sake of convenience we herein refer to Jane G. Behney, formerly Jane G. Whatley, as plaintiff.

The action pending in respondent's court was instituted by plaintiff in the State of Pennsylvania pursuant to the Uniform Enforcement of Support Law of Pennsylvania, 62 P.S.Pa. §§ 2043.1 through 2043.27 (all Pennsylvania statute references are to Purdon's Pa.Stats.Annotated, Titles 62–66). That proceeding originated as a result of the divorce action between plaintiff and relator in the State of Florida. The record discloses that on June 9, 1948, a final decree was entered by the Circuit Court of the Fifteenth Judicial Circuit of Broward County, Florida, divorcing the parties from each other. Prior thereto and on April 29, 1948, plaintiff and relator executed a separation agreement providing, inter alia, that plaintiff should have sole custody and control of the minor children of the parties, the older then being 13 years of age, and the younger 10 years of age, subject to certain visitation privileges granted to relator. The relator obligated himself to pay to plaintiff for the support of the children the sum of $75 per month for the months of April through October of each year, and the sum of $100 per month for the months of November through March of each year, until the older of the children reaches her majority,

when the parties are to agree upon the amount to be paid for the support of the younger child, or failing to do so, a court of competent jurisdiction is to adjudicate that matter. The agreement provided that in the event a decree of divorce was entered in favor of relator, the decree should award custody of the children to the plaintiff herein. The final paragraph in the agreement provided that a copy of the agreement completely executed should be introduced in evidence on final hearing of the cause, ratified and confirmed by the court in the final decree, and should be binding on both parties as to the matters expressed therein.

The final decree in the divorce proceeding recited that the court had considered the pleadings, the transcript of testimony, the evidence introduced before the Special Master, and the report and recommendations of the Special Master; thereupon the decree confirmed and ratified the report of the Special Master, divorced the parties; and "Ordered, Adjudged and Decreed that both plaintiff and defendant carry out the terms of that Separation Agreement entered into by the parties on the 29th day of April 1948 (the original of which has been introduced into evidence as Plaintiff's Exhibit 1 and attached to the transcript of testimony) which this Court does hereby approve".

The complaint filed by plaintiff in the Court of Quarter Sessions of Lebanon County, Pennsylvania, pursuant to the Uniform Support of Dependents Law alleged these matters essential to the determination of the issues herein presented: Relator is residing in Kirkwood, Missouri; the execution of the property settlement agreement wherein relator agreed to pay to plaintiff for the support of the children of the parties the sums hereinabove set out; the rendition of the divorce decree by the Circuit Court of the Fifteenth Judicial Circuit of Florida including in haec verba that portion of the decree which we have quoted, supra; that the children had been in plaintiff's custody since April 29, 1948; that the amount due plaintiff as of June 10, 1954, was $4,125. Plaintiff prayed

the Court of Quarter Sessions to find that defendant owes a duty of support, and that the Circuit Court of St. Louis County can obtain jurisdiction of the relator, and also prayed that the Circuit Court of St. Louis County enter judgment against relator in the sum of $4,125 "as reimbursement to plaintiff for the past support of Elizabeth E. Whatley and Janet E. Whatley which was due to plaintiff on or before June 10, 1954", and for a judgment for the future support of the children. Attached to the complaint was a copy of the property settlement agreement and of the divorce decree.

The Court of Quarter Sessions of Lebanon County, Pennsylvania, found, inter alia, that the relator owes a duty to support his children, and directed the clerk of that court to forward to the Circuit Court of St. Louis County, Missouri, three copies of the complaint, three copies of the court's certificate and order, and three copies of the Pennsylvania Act.

In attacking respondent's jurisdiction relator presents these points: 1, plaintiff has no court order, judgment or decree requiring relator to make payments to her for support of the children; 2, plaintiff's remedy is by suit on the contract which is not authorized or contemplated by the Uniform Support of Dependents Law; 3, plaintiff is seeking a money judgment for her own benefit; 4, the proceedings before the Pennsylvania court were not in compliance with the law.

■ The Uniform Support of Dependents Law[1], hereafter for brevity called "Uniform Act" or "Act", was approved by the National Conference of Commissioners on Uniform State Laws in September, 1950. All of the states, and the territories of Alaska, Guam, Hawaii, Puerto Rico, and the Virgin Islands have adopted acts similar to the Uniform Act. U.L.A. Vol. 9A, Misc. Acts. Bearing upon the

remedial nature of the legislation which receives additional attention infra, we observe that W. J. Brockelbank[2] has aptly stated the Act was designed for the better enforcement of obligations of support, and provides for a two-state suit begun in the state where the family has been deserted and terminating in the state where the one owing the duty of support is found. Mo. Law Review, Vol. 17, p. 1. The purpose of the Uniform Act has also received judicial attention. Smith v. Smith, Cal. App., 270 P.2d 613.

By the terms of the Uniform Act the duty of support includes any duty of support imposed by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, legal separation, separate maintenance, or otherwise. Section 2(6), U.L.A. Vol. 9A, Misc. Acts. Our statute has an identical provision Section 454.020 (6) Supp. RSMo. 1953, p. 654, V.A.M.S., as does the Pennsylvania Act, 62 P.S.Pa. § 2043.2(6).

■ Does the judgment of the Florida court in the divorce action impose a duty upon relator to support his children? We dispose of this and other meritorious points raised by relator, mindful that we are dealing with remedial legislation. This is so because the primary purpose of the Act is to provide better enforcement of the obligation to support children who have been deserted by the party charged with the duty of supporting them, and thereby promote and advance the public welfare. 82 C.J.S., Statutes, § 388, p. 918; 50 Am. Jur., Statutes, Sec. 15, p. 33. Being remedial it is our duty to construe the Act liberally. Hudgins v. Mooresville Consol. School Dist., 312 Mo. 1, 278 S.W. 769. "It should be construed so as 'to meet the cases which are clearly within the spirit or reason of the law, or within the evil which it was designed to remedy, provided such an interpretation is not inconsistent with the

1. Pennsylvania has designated the Act as "Uniform Enforcement of Support Law," some states as "Uniform Reciprocal Enforcement of Support Law".

2. Professor of Law, University of Idaho, and Chairman of the Committee which acted for the National Conference of Commissioners on Uniform State Laws.

language used, * * * resolving all reasonable doubts in favor of the applicability of the statute to the particular case.' 12 C.J. 1302." State ex rel. Brown v. Board of Education, 294 Mo. 106, 242 S.W. 85, loc. cit. 87.

Reverting to the proceedings in the divorce action, it is readily apparent that the judgment of the Florida court is not complete within itself in that the money judgment imposed upon relator is not spelled out. However, by reference to the stipulation or agreement of the parties, the obscurity or uncertainty of the judgment disappears. The parties (relator and plaintiff) are unequivocally "ordered, adjudged and decreed" to carry out the terms of the agreement they executed on April 29, 1948, which the court not only recognized as constituting a part of the record as Relator's Exhibit 1, but which "this court does hereby approve". This action of the court was in accord with and pursuant to the agreement of the parties as expressed therein, i. e., that a copy of the agreement completely executed should be ratified and confirmed by the court in the final decree and should be binding upon the parties as to all matters expressed therein.

It is elementary that the judgment and its enforcement is the end of litigation, and therefore it is essential that the judgment dispose of the matters at issue so that the parties may be able to ascertain with reasonable certainty the extent to which their rights may be fixed. Freeman on Judgments, Vol. 1, Sec. 72, p. 126. A principle auxiliary to determining whether the judgment meets the above requirements is announced in 49 C.J.S., Judgments, § 72, p. 192, in this language: "An obscure judgment entry may, however, be construed with reference to the pleadings and *record*, and, where on the *whole record* its sense can be clearly ascertained, the judgment will be upheld." (Italics supplied.) Consult also Freeman on Judgments, Vol. 1, Sec. 77, p. 134. Even though the judgment may not be complete within itself, and contain within its four corners the mandate of the court, it is nevertheless sufficient if it can be made perfect by reference to the pleadings or papers on file in the case. 49 C.J.S., Judgments, § 62 b, pp. 182, 183. This rule applies with equal force to the amount of the judgment, 49 C.J.S., Judgments, §§ 76, 442, pp. 198, 199, 873.

Whether the judgment be considered in light of the foregoing principles, or by taking the view that the separation agreement was incorporated by reference in and became an operative part of the judgment, Flynn v. Flynn, 42 Cal.2d 55, 265 P.2d 865; Emrich v. McNeil, 75 U.S. App.D.C. 307, 126 F.2d 841, 146 A.L.R. 1146, the conclusion is inescapable, and we hold, that the judgment was sufficient to impose upon relator the duty of support as contemplated by the Uniform Act.

In addition to the features of the agreement which we have emphasized, it contains a provision for the division of certain personal property between the parties. Whether the judgment is invalid as to such provision we need not determine. Suffice to say that even though it should be invalid as to the portion with respect to dividing the property, the validity of the remaining separable parts of the judgment divorcing the parties, fixing custody of the children, and awarding to plaintiff support money for the children is not affected. This is the general doctrine, 31 Am.Jur., Judgments, Sec. 405, p. 68; 49 C.J.S., Judgments, § 450, pp. 881, 882; and our courts have recognized and applied the rule. Edmondson v. Edmondson, Mo.App., 242 S.W.2d 730, loc. cit. 736, 737.

Neither does the provision that the parties are to agree upon the amount to be paid for the support of the younger child or failing to do so a court shall adjudicate the question, render the judgment invalid because of uncertainty. Luedde v. Luedde, 240 Mo.App. 69, 211 S.W.2d 513, decided by this court, settles that proposition. There the agreement which was merged into the decree provided that the defendant pay to plaintiff certain sums "so long as defendant is a member of the Unit-

ed States Army with the rank of Major or above and thereafter plaintiff and defendant shall agree on a sum or amount for such purpose or in event of their failure to agree thereon such sum or amount shall be fixed by this court". In holding that there was nothing indefinite, uncertain, or conditional, this court said, 211 S.W.2d loc. cit. 518: "It provided for definite events, and definitely ascertainable periods of time, as well as a definite method for determining defendant's obligation to pay the sums mentioned. It even provided that if the parties could not agree as to the amounts to be paid after defendant ceased to hold the rank of Major or above, the court should fix such sums. Hence, no contingency was left unprovided for in the stipulation in relation to the support and maintenance of the wife and of the minor child or prospective child or children of the parties."

■■■■■■ Counsel for relator frankly concedes that if the final decree by the Florida court constitutes a judgment for support, plaintiff has the right to enforce payment of the judgment through the means she has employed. In contending that such is not the force of the court's action, relator places stress upon the complaint filed by plaintiff in Pennsylvania, and insists that it discloses that plaintiff did not bottom her right to recover on the Florida judgment but rather on the contract. Relator reasons that by the very nature of her complaint, plaintiff conceded the lack of a valid support money judgment. In view of the existence of the judgment for support, the necessity for pleading the execution of the separation agreement and including by reference a copy thereof in the complaint was obviated, and being unnecessary, such allegation constituted surplusage. We cannot say, however, that by so pleading plaintiff was deprived of the right to invoke the provisions of the Uniform Act for the purpose of compelling relator to discharge the duty imposed upon him by the Florida judgment. The fact remains that the complaint pleaded and included by reference a copy of the judgment. Perchance, out of

an abundance of caution, plaintiff felt compelled to plead the contract as well as the judgment, in order to comply with the requirement of Section 2043.10 of the Pennsylvania Act, that "all other pertinent information" be included in the complaint. Irrespective of the motivating factors, we hold the elements essential to the institution and maintenance of an action under the Uniform Act are present in the complaint and that it was sufficient to warrant the Pennsylvania court in finding, as it did, that relator owes a duty to support his children.

■■■■■■ Not only does relator insist that the allegations in the complaint clearly establish the position assumed by plaintiff, but he goes further and urges that the only remedy available to plaintiff under the circumstances existing is an action on the contract. This is tantamount to saying that when parents attempt to settle questions relating to their children by contract the courts are powerless to act except in a suit on the contract. Such contention is contrary to the fundamental principle that the duty of the father to support his minor children is one imposed by law, and cannot be bargained away. The parents may by contract agree upon provisions relating to the custody and support of their children, but any agreement of that nature is not binding upon the courts. Such is the law in Florida, as demonstrated very clearly in Lee v. Lee, 157 Fla. 439, 26 So.2d 177, 179, as well as in Missouri. Kershner v. Kershner, 202 Mo.App. 238, 216 S.W. 547; Messmer v. Messmer, Mo.App., 222 S.W.2d 521.

Our holding that a valid judgment for support exists does not run counter to the cases of Underwood v. Underwood, Fla., 64 So.2d 281; Perla v. Perla, Fla., 58 So.2d 689; and Solomon v. Solomon, 149 Fla. 174, 5 So.2d 265, all decided by the Supreme Court of Florida. Much reliance is placed upon those cases by relator, but they fail to aid his cause.

In Underwood v. Underwood there was a separation agreement affecting only the property and rights of the parties to the

action. *Minor children were not involved.* There was a divorce decree and portions of the agreement included therein. Later the husband was unsuccessful in his attempt to modify the provisions of the agreement. The court held that the agreement, even though partially included in the decree, was effective as a settlement between the husband and wife, and reiterated the rule that when property settlements of that kind were made in good faith and are valid they should not be destroyed.

The Perla case involved the action of the trial chancellor in relieving the father from the obligation to support a 33-year-old mentally retarded child which he apparently agreed to support in a property settlement entered into long prior to the institution of the divorce action. We see no analogy between that case and the situation before us, and therefore further comment thereon is unnecessary.

In Solomon v. Solomon there was an agreement by which the husband agreed to pay his wife $300 per month for the natural life of the wife as long as she remained unmarried. In the final decree no express provision for payment of the stipulated sum as alimony was entered, but the settlement was approved, ratified, and incorporated by reference in the decree (strikingly similar action was taken in this case as noted, supra). When Solomon defaulted, his former wife instituted a contempt proceeding. The lower court discharged the defendant. In reversing this action the Supreme Court held that the recital in the agreement that the decree should include an order to pay the amounts therein set out, together with the approval of the agreement by the chancellor, and the inclusion of the agreement by reference in the decree, was sufficient to constitute the agreement as part of the court's final order. Obviously this case supports our conclusion upon the vital question of the effect of the judgment rendered by the Florida court in the instant case.

█ It follows from what has been said in disposing of the first two points raised

by relator that his third point, viz., that plaintiff is seeking a money judgment for her own use and benefit, is without merit. By the clear terms of the Act, the court of the responding state, upon finding a duty of support, may order the obligor (relator) to furnish support or *reimbursement therefor*. Section 454.130 Supp. RSMo 1953, V.A.M.S.; 62 P.S. § 2043.19 of Pennsylvania Act. This provision was undoubtedly made a part of the law to take care of a situation such as is presented by the record in this case. If it were not so, an absconding father who owed a duty to support could not be compelled in an action brought pursuant to the provisions of the Uniform Act, to reimburse the party who had discharged the father's obligation.

█ The final contention relating to the proceeding before the Pennsylvania court cannot be sustained. Precisely, the point is, as developed in written argument, that the Pennsylvania court went too far in its finding, and that the certified copy of said order forwarded to the Missouri court, Section 2043.13 of the Pennsylvania Act, discloses the statutory requirements were not met and complied with. It appears that the Pennsylvania court did include matters in its order which were not required, such as a finding that the agreement was in force. Be that as it may, the order entered by the Pennsylvania court, when considered in its entirety, did not have the effect, as contended by relator, of divesting the Missouri court of jurisdiction. That portion of the order wherein the court attempted to find the agreement valid, and attempted to order the relator to pay to plaintiff the amounts set forth in the separation agreement, is surplusage and not binding upon the court of this state wherein the cause is pending.

Our preliminary writ in prohibition should be and is quashed, and permanent writ denied.

ANDERSON, P. J., and BLAIR, Special Judge, concur.