372 So.2d 490 (1979)
Myrna O'Dell FIRESTONE, Appellant,
v.
The Honorable Ralph B. FERGUSON, Jr., and Russell A. Firestone, Jr., Appellees.
Nos. 78-1306, 78-1386.
District Court of Appeal of Florida, Third District.
May 29, 1979.
Rehearing Denied July 16, 1979.
A. John Goshgarian, Miami, for appellant.
Ferrell & Ferrell and Milton M. Ferrell, Miami, for appellees.
Before HENDRY and KEHOE, JJ., and SCHULZ, GEORGE E. (Ret.), Associate Judge.
*491 KEHOE, Judge.
Appellant, respondent below, brings these consolidated appeals from an order of the trial court, among other things, adjudicating her in contempt of court for failing to comply with the terms of a property settlement agreement incorporated into the final decree in a divorce action between appellant and appellee Russell A. Firestone, Jr. We affirm.
Appellant and appellee Firestone were divorced in 1974. The final judgment in their divorce action incorporated a property settlement agreement which contained, among other things, provisions concerning certain real estate, known as Firedell Farms, located in Kentucky. The relevant provisions of the agreement relating to Firedell Farms are as follows:
"15. With respect to division of their properties, the parties agree as follows:
(a) Firedell Farm, corner Rice Road and Versailles Pike, Lexington, Kentucky, Myrna will keep the old house with not less than 20 acres and not more than 24 acres of Myrna's choice, and she will keep in mind the necessity of selling the remainder of the farm at an advantageous price. Myrna will also keep the John Deere Lawn Tractor and all attachments, all hand tools, the new GE stove and new GE refrigerator with icemaker, and all other contents of the buildings on the farm, including a new power saw. Russell and Myrna shall jointly sell the remaining acreage of said farm for the highest price as soon as possible, and must agree on the sale price. The purchase money mortgage of approximately $311,200.00 shall be paid from the proceeds of the farm. Promissory notes totaling $68,000 to or guaranteed by John Galbreath will be paid and $21,000 more shall be set aside for farm debts. All proceeds above $400,200.00, outlined above shall be divided between Russell and Myrna, and each shall pay their capital gains which shall be determined after all costs are determined. Russell will maintain the farm and pay all mortgages, taxes, notes and other expenses until it is sold, and shall be entitled to deduct 100% of such expenses on his individual income tax return."
The agreement also provided that appellee Firestone was to pay appellant $5,000 per month for alimony. During a court hearing, appellant represented that she would be willing to sell the property for $5,000 per acre through a broker, i.e., $4,700 per acre (5,000 per acre less brokerage commission of 6%). Thereafter, a Kentucky corporation offered $4,700 per acre for the property with no brokerage commission involved. Appellant refused to sign the sale papers and the offer expired. Thereafter, appellee Firestone moved to compel appellant to comply with the settlement agreement and for contempt. After a hearing on these motions, the trial court entered an order adjudicating appellant in contempt and granted certain other relief. It is from this order that appellant appeals.
In its order, the trial court specifically found, among other things: that appellant had refused to sign the offer and agreement of sale and had stated that she would never sign one; that based on the uncontradicted evidence adduced at the hearing, it was of the opinion appellant would never sign a deed or another offer of sale; and that appellant had willfully violated the property settlement agreement incorporated in the final judgment. After making these and other relevant findings, the trial court adjudicated appellant in contempt of court for failure to abide by the terms of the settlement agreement. Appellant was given ten days within which to execute the offer and agreement of sale. Upon appellant's failure to execute the sales documents within this time, appellee Firestone was to be relieved from paying any further alimony.
The final judgment of dissolution of marriage in this cause provided that the settlement agreement entered into by the parties was made a part of the final judgment and stated "[t]he contents hereof shall be enforced by this Court in the same manner and with the same effect as any other final judgment entered by this Court." In Burke *492 v. Burke, 336 So.2d 1237 (Fla. 4th DCA 1976), the court upheld an order of contempt entered by a lower court due to the failure of the appellant to execute certain documents, even though the appellant relied on the general rule that the contempt process may not be utilized to enforce payments required under a property settlement agreement. In deciding this point, the court stated as follows:
"A different situation is presented as to the remaining portion of the trial judge's order. This does not involve appellant being held in contempt for failure to make an agreed payment pursuant to a property settlement agreement. We do not run afoul of the constitutional prohibition that `No person shall be imprisoned for debt ...' Florida Constitution, Article 1, Section 11. Here the defendant is charged with failure to execute certain documents. Appellant [has] agreed to do these things. The final judgment ordered that he comply with his agreement. The incorporation of the agreement into the final judgment, coupled with the trial court's order of compliance, was in effect a mandatory order for the specific performance of that act." Id. at 1238.
In the instant case, the trial court found that the appellant had agreed to sell the property which is the subject matter of the instant cause for $5,000 per acre less six (6%) per cent. When the offer was made, appellant refused to sign the contract. In its order adjudicating appellant in contempt, the court gave appellant every opportunity to purge herself of the contempt and to avoid any interruption in her alimony payments by executing the contract for the sale of the property. See Fla.R.Civ.P. 1.570. Further, we note that the trial court's order provided that if appellant executed the agreement for the sale of Firedell Farms and Keeneland Association refused to close the transaction, appellant was to be purged of the contempt. The record reflects that the basic purpose of the contempt order was to secure compliance with the trial court's previous judgment and not to operate as a modification of the alimony payments. Appellant had every opportunity, as set forth in the trial court's order, to prevent any interruption of alimony and to purge herself of contempt by merely executing the agreement for sale. In our opinion, based upon the trial court's specific findings in this case and the record before us, the trial court acted properly in finding appellant in contempt of court and imposing the sanctions set forth in its order. Although we might not have imposed the same sanctions for appellant's contempt, we cannot say that, based on this record, the trial court abused its discretion or committed reversible error.
Further, we have reviewed each of the other points raised by appellant not discussed above, and find them to be without merit. Accordingly, the order appealed is affirmed.