STATE *ex rel.* ALBERT B. CAHN v. ERNEST E. MASON, ESQ., as Judge of the Court of Record in and for Escambia County, Florida, and HOWARD MAYES, as Sheriff of Escambia County, Florida.

4 So. (2nd) 255
En Banc
Opinion Filed October 14, 1941

*J. Montrose Edrehi,* for Petitioner;
*John M. Coe,* for Respondent.

BUFORD, J.—On the 19th day of February, 1941, an order was entered by the Court of Record of Escambia County, Florida, which was inter alia, as follows:

"ORDERED, ADJUDGED AND DECREED that the bonds of matrimony now and heretofore existing between the Plaintiff, Barbara E. Cahn, and the Defendant, Albert B. Cahn, be and the same are hereby forever dissolved and the said parties are, and each of them is, hereby forever freed from the duties and obligations thereof."

"And in accordance with the separation agreement attached to the amended bill of complaint, it is:"

"FURTHER ORDERED, ADJUDGED AND DECREED that the defendant Albert B. Cahn shall pay to the plaintiff Barbara E. Cahn as permanent alimony the sum of $56.00 on or before the 5th day of each month hereafter, beginning with the month of March, 1941, such payments to continue until such time as the plaintiff shall marry or die, and that the said Albert B. Cahn do further pay to the Citizens & Peoples National Bank of Pensacola, Florida, in restitution to the plaintiff of sums of money dissipated from her estate during the existence of their marriage, the sum of $50.00 and accrued interest upon those two certain promissory notes, one for the original principal sum of $5900.00 dated June 9, 1940, and the other for the original principal sum of $2000.00 dated August 17, 1940, executed by the parties hereto, and said payments to be made on the 15th day of each and every month hereafter, beginning with the month of February, 1941, until the full principal sum and all accrued interest thereon shall have been paid. And that the said defendant be and he is likewise decreed to pay the premium on two certain policies of life insurance aggregating $15,000.00, deposited with the Citizens & Peoples National Bank as Trustee, under the terms of the aforesaid separation agreement attached to the bill of complaint, until such time as said policies may mature or the aforesaid indebtedness be fully paid, it being the intent of this provision that said policies shall be continued in full force and effect as further and additional security for the retirement of the indebtedness heretofore described."

The defendant Albert B. Cahn paid the alimony in the sum of $56.00 per month until the plaintiff in the divorce suit Barbara E. Cahn remarried. So he did

not become in arrears in the payment of alimony but he failed to pay the instalments of $50.00 per month to the Citizens & Peoples National Bank of Pensacola.

On September 10th, 1941, Barbara E. Anderson (nee Cahn) filed her suggestion in the Court of Record of Escambia County that Albert B. Cahn should be adjudged in contempt of court for failure to pay the instalments due to the Bank and thereafter the Honorable Ernest E. Mason, Judge of the Court of Record of Escambia County, Florida, on the 13th day of September, 1941, entered his order as follows:

"This cause coming on to be heard upon the sworn petition of plaintiff for a rule to show cause and it appearing therefrom that the defendant has wilfully neglected to pay the sum of $439.83 due under the final decree of this court hereinbefore entered although he has capacity so to do, and it further appearing from the oral testimony offered in addition to said petition that the defendant has made no payment upon said decree since April 29, 1941, save that he delivered on May 4, 1941, a check for $106.25 which has been and still is dishonored, and that he has endeavored to impair the securities deposited in accordance with said decree impartially to assure its performance, it is:"

"ORDERED AND DECREED that the said Albert B. Cahn do apear before this Court at the Courthouse of Escambia County, in Pensacola, Florida, at 9:00 o'clock A. M. on the 29th day of September, A.D. 1941, then and there to show cause why he should not be adjudged in contempt for failure of compliance aforesaid and punished accordingly."

Thereafter, on the 30th day of September the Honorable Ernest E. Mason as Judge of the Court of

Record of Escambia County, Florida, entered the following order:

"This cause coming on to be heard upon rule to show cause and defendant's sworn return thereto, and the court having heard the evidence and argument of counsel, finds that the defendant has shown no satisfactory cause for non-compliance with the final decree herein, it is therefore:

"ORDERED, ADJUDGED AND DECREED that the defendant, Albert B. Cahn, be and he is hereby adjudged in contempt of this court for failure to pay $439.83 and that for his said contempt he be forthwith committed to the custody of his counsel for a period of 72 hours, thereafter unless purged of said contempt to be committed to the Sheriff of Escambia County and confined in the county jail thereof for a period of 30 days, or until he shall sooner have purged himself of the contempt by the payment to the plaintiff of the aforesaid sum of money together with the costs of this rule."

Thereafter, on October 2nd, 1941, Albert B. Cahn filed his petition for Writ of Habeas Corpus in this Court, which was granted by the Chief Justice.

The order entered by Judge Reese on the 19th day of February, 1941, required the payment of $56.00 as permanent alimony and further required the payment by Albert B. Cahn to the Citizens & Peoples National Bank of Pensacola "in restitution to the plaintiff of sums of money dissipated from her estate during the existence of their marriage, the sum of $50.00 and accrued interest upon those two certain promissory notes, one for original principal sum of $5900.00 dated June 9, 1940, and the other for the original principal

sum of $2000.00 dated August 17, 1940, executed by the parties hereto."

Then other conditions of the Order followed:

The record shows that before the decree of divorce was entered the parties entered into an agreement in contemplation of divorce wherein Barbara E. Cahn was designated first party and Albert B. Cahn was designated second party, which, inter alia, is:

"IT IS MUTUALLY AGREED:

"1.   That the party of the Second Part shall pay to the First Party the sum of Twenty-eight ($28.00) Dollars this date and the sum of Fifty-six ($56.00) Dollars each and every calendar month hereafter, said sum being payable on or before the 5th day of each month hereafter; however, such payments shall cease in event the First Party shall marry or shall die.

"2.   The Second Party agrees to pay to the Citizens & Peoples National Bank of Pensacola, Florida, the sum of Fifty ($50.00) Dollars and accrued interest upon those two certain promissory notes, one for the original principal sum of Five thousand Nine Hundred ($5,900.00) Dollars, dated June 9th, 1940, and the other for the original principal sum of Two Thousand ($2,000.00) Dollars, dated August 17th, 1940, executed by the First and Second Parties, said payments to be made on the 15th day of each and every month hereafter until the full principal sum and all accrued interest thereon shall have been paid to said bank in full.

"3.   The second party agrees to deposit with the Citizens & Peoples National Bank three (3) insurance policies insuring the life of the Second Party for the

sum· of Fifteen Thousand ($15,000.00) Dollars, and to execute an assignment making said insurance payable to the Citizens & Peoples National Bank as Trustee, and in event of the death of the Second Party the proceeds of said insurance policy shall be distributed· by the said Trustee as follows:"

"(1) To pay in full the principal and interest then due and owing upon the notes jointly executed by the parties hereto · which are payable to the Citizens & Peoples National Bank of Pensacola, Florida, and are above described.

"(2) Any remaining sum shall be paid to the First Party and in event of her death, said remaining sum shall be payable to Joanna. Isabella Signer. In event of the said Barbara E. Cahn and Joanna Isabella Signer shall both predecease the Second Party, then the remaining sum shall be paid to the estate of the Second Party; provided, however, if the notes and interest thereon have been paid in full by the Second Party prior to his death, and the Second Party shall fail and neglect to change the beneficiary in his said policies, then in that event, the entire proceeds of the said insurance policies shall be payable to the estate of the Second Party."

The decree, *supra,* shows that the terms of the agreement were carried into the decree.

The Bank was not a party to the suit nor was the Bank a party to the agreement, so far as the record shows. That part of the decree requiring the payment to the Bank of $50.00 with accrued interest on the notes therein referred to to be made on the 15th day of each and every month thereafter was simply a decree requiring·Albert B. Cahn to pay a debt which he was already obligated to pay. It was not alimony,

nor was it suit money. The position of the Bank has not been changed either by the agreement between the parties thereto, nor by the decree of the Court in regard to the payment of the money to the Bank. Neither was the obligation of Cahn to the Bank modified or changed by the agreement or by the decree. Sec. 16 of the Declaration of Rights, Constitution of Florida, provides:

"No person shall be imprisoned for debt, except in case of fraud."

The decree in regard to the payment of the money to the Bank was not based upon any marital duty of the husband to the wife. It was based upon civil liability, although it is true that the liability appears to have had its origin in financial transactions between the husband and wife and in financial transactions between the husband and wife on the one part and the Bank on the other part.

The decree in this regard constituted no more than the adjudication of a civil liability to a party who was not a party to the suit and, therefore, was not bound by it.

We have considered the cases cited in brief for the Respondent-Judge but do not find them in point.

The decree being one requiring the payment of a debt then due to a third party is not a decree that may be enforced by proceedings in contempt.

Having reached this conclusion, it is not necessary for us to discuss other questions presented.

The Petitioner is discharged.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN and THOMAS, J. J., concur.