PER CURIAM.
The relators in this original proceeding for writ of prohibition are parties against whom an injunction without notice was issued in a post decretal proceeding for enforcement of a divorce decree. They seek an order from this court prohibiting the trial of the case on the grounds that the trial court lacked jurisdiction of the action.
Helen Lynch obtained a divorce from William Lynch in November 1963. The court on the petition of Helen Lynch issued an order to show cause why William Lynch should not be held in contempt for failure to comply with certain terms of the divorce decree. The said order temporarily enjoined the relators herein from transferring, disposing of or concealing any property or income of the properties described in the petition, and granted the plaintiff Helen Lynch a temporary lien on all property described in the petition.
Writ of Prohibition is that process by which a superior court prevents an inferior court from exceeding its jurisdiction or usurping a jurisdiction with which it has not been vested by law. It issues only when the party seeking it is without other adequate means of redress. The Writ cannot be a means of determination of questions involving the correct or incorrect decision of another court in matters in which the court has jurisdiction to act. It will not lie to correct errors of a court which is acting within its jurisdiction, although it may be proceeding improperly in the exercise of that jurisdiction. State ex rel. Paluska v. White, Fla.App.1964, 162 So.2d 697.
The relators upon being made parties in the pending proceeding have the right to object to the issuance of the restraining order.
Accordingly, the Rule Nisi is hereby discharged, and the suggestion for Writ of Prohibition is dismissed.
ALLEN, Acting C. J., and SHANNON and ANDREWS, JJ., concur.