193 So.2d 26 (1966)
STATE of Florida ex rel. Lon C. GILLHAM Petitioner,
v.
Honorable Charles M. PHILLIPS, Jr., Judge, Sixth Judicial Circuit Court in and for Pinellas County, Florida, Respondent.
No. 7352.
District Court of Appeal of Florida. Second District.
December 14, 1966.
*27 Lawrence E. Lyman, St. Petersburg, for petitioner.
No appearance for respondent.
PIERCE, Judge.
On September 22, 1966, petitioner Lon C. Gillham filed in this Court his Suggestion for Writ of Prohibition to restrain Honorable Charles M. Phillips, Jr., Circuit Judge for Pinellas County, from proceeding further in a contempt of court hearing theretofore instituted against petitioner in the Circuit Court, claiming that Judge Phillips was without jurisdiction over the subject matter.
On September 23, 1966, upon consideration of the suggestion, brief of petitioner, and the accompanying certified copy of the necessary papers in the Circuit Court proceeding, we issued a rule to show cause, addressed to Judge Phillips, returnable before this Court on October 10, 1966. No return or other response to the rule has been filed in this Court by or on behalf of Judge Phillips. Copies of the Rule Nisi had been duly served on September 23, 1966, upon Judge Phillips and also the Attorney General.
The correct procedure in such aspect of the case was pointed up by the Supreme Court of Florida in Cobb v. State ex rel. Pitchford, 1941, 148 Fla. 149, 3 So.2d 855, in which case it was held that "[w]here no return, answer or other pleading was interposed by defendants in a prohibition proceeding, only question presented on review was whether the suggestion for the writ of prohibition stated a prima facie case".
So we turn to the record of the Circuit Court proceedings as filed here to determine whether or not petitioner has made out a prima facie case in the suggestion for prohibition. Inferentially, we might mention that we would not knowingly issue the original Rule Nisi, nor did we do so here, unless we were then satisifed from a showing made here that petitioner had met such burden. But, in accordance with Cobb, we re-examine the entire record in this Court, before making final disposition of the cause here.
In a divorce action theretofore pending in said Circuit Court, petitioner's then wife, Doris V. Gillham, on September 10, 1964 was awarded a divorce from petitioner and in the same Final Decree petitioner was "directed and required" to pay off a certain judgment previously obtained by Public Loan Corporation of St. Petersburg, No. 2, against said Doris V. Gillham, in the sum of $1,265.00 in the Civil and Criminal Court of Record of Pinellas County. No alimony was awarded, and the requirement for payment of said judgment was the only ancillary provision of the decree.
Two years and three days later, on September 13, 1966, Doris filed in said divorce case a verified motion alleging that petitioner had not paid said judgment nor any part thereof (except the sum of $119.00 pursuant to a previous order of Court in said cause on March 17, 1965), and that on March 10, 1966 Doris herself had settled said judgment by payment of the sum of $600.00 in complete satisfaction. The motion prayed that "petitioner be adjudicated guilty of contempt" of said Circuit Court "for his willful failure and refusal to comply" with said Final Decree with respect to paying off the judgment. Order to show cause was thereupon entered upon the motion by the respondent Judge, wherein petitioner was ordered to pay and reimburse to Doris the said sum of $600.00 so allegedly paid by her, or to show cause before said *28 Judge on September 26, 1966, why he should not be held in contempt of Court and punished accordingly for such "willful failure". It was in this posture of the contempt proceeding, four days before he should appear before the Judge on the order to show cause, that petitioner filed here his suggestion for the prohibition writ.
So the sole legal question before this Court is: does the Circuit Court, in a divorce proceeding, have authority to enforce payment by the husband of a claim of a third person who was no party to the divorce case and where the money payment wholly lacked any attributes of alimony or support money?
The Supreme Court in State ex rel. Cahn v. Mason, Judge, 1941, 148 Fla. 264 4 So.2d 255, seems to have settled the point in favor of petitioner. In the Cahn case, a divorce was decreed in favor of the wife, and in the same final decree the husband, in addition to being required to pay alimony, was ordered to pay to a Pensacola Bank, "in restitution to the [wife] of sums of money dissipated from her estate during the existence of their marriage", the sum of $50.00 per month, plus accrued interest, upon two promissory notes aggregating the original principal sum of $7900.00 previously executed by the parties jointly in favor of the bank, until the note was paid off. In addition thereto the husband was ordered to keep up two insurance policies on his own life aggregating $15,000, deposited with the bank as trustee to secure payment of said sums to the bank in case of his death.
A few months after the decree was entered, the former wife procured issuance of a show cause order before the local Circuit Judge upon her showing to the Court that her former husband Cahn had failed to comply with the provision of the final decree ordering the monthly sum payments to the bank. After hearing upon the order to show cause and taking of testimony, the Court entered order adjudging Cahn in contempt of Court for failure to make such payments to the bank and committed him to a term of imprisonment in the county jail. Cahn thereupon sued out writ of habeas corpus directly in the Supreme Court, contending that such payments to the bank, although provided for in the final decree in the divorce case, was not a proper subject matter for the contempt order and that such adjudication was void. There was thus squarely presented to the Supreme Court the question now here involved. (There was the added feature, common to both the Cahn case and the instant case, that the final decree, providing for the money payment to the third party creditor, followed the terms of a property settlement agreement between the parties).
In discussing the issue involved, the Supreme Court in Cahn held as follows (text 4 So.2d 257):
"The Bank was not a party to the suit nor was the Bank a party to the agreement, so far as the record shows. That part of the decree requiring the payment to the Bank of $50 with accrued interest on the notes therein referred to to be made on the 15th day of each and every month thereafter was simply a decree requiring Albert B. Cahn to pay a debt which he was already obligated to pay. It was not alimony, nor was it suit money. The position of the Bank has not been changed either by the agreement between the parties thereto, nor by the decree of the Court in regard to the payment of the money to the Bank. Neither was the obligation of Cahn to the Bank modified or changed by the agreement or by the decree. Section 16 of the Declaration of Rights, Constitution of Florida, provides:
`No person shall be imprisoned for debt, except in cases of fraud.'
The decree in regard to the payment of the money to the Bank was not based upon any marital duty of the husband to the wife. It was based upon civil liability, although it is true that the liability appears to have had its origin in *29 financial transactions between the husband and wife and in financial transactions between the husband and wife on the one part and the Bank on the other part.
The decree in this regard constituted no more than the adjudication of a civil liability to a party who was not a party to the suit and, therefore, was not bound by it.
We have considered the cases cited in brief for the respondent Judge but do not find them in point.

The decree being one requiring the payment of a debt then due to a third party is not a decree that may be enforced by proceedings in contempt." (Emphasis supplied).
"Prohibition" is that process by which a superior Court prevents an inferior Court or tribunal from exceeding its jurisdiction or usurping jurisdiction with which it has not been vested by law. State ex rel. Florida Real Estate Commission v. Anderson, Fla.App. 1964, 164 So.2d 265; State ex rel. O'Donnell v. Hall, Fla.App. 1965, 175 So.2d 792. It is an extraordinary writ because it only issues when the party seeking it is without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal. State ex rel. Ferre v. Kehoe, Fla.App. 1965, 179 So.2d 403.
In cases cited in Scussel v. Kelly, Fla.App. 1963, 152 So.2d 767, it was held that prohibition is an appropriate remedy to prevent judicial action when the judge is without jurisdiction to act in a cause, and may be specifically invoked against a judge when a party is about to be cited for contempt on the basis of acts which could not constitute contempt of court. See State ex rel. McGregor v. Peacock, 1934, 113 Fla. 816, 152 So. 616; State ex rel. Hill v. Hearn, Fla. 1957, 99 So.2d 231; State ex rel. Gary v. Davis, 1922, 83 Fla. 422, 91 So. 267; Giblin v. State, 1947, 158 Fla. 490, 29 So.2d 18; and the annotations appearing in 136 A.L.R. 715.
In the case sub judice, the respondent Judge had already cited petitioner for contempt of Court and had set a hearing for the purpose of determining the merits of the proceeding which, under the foregoing authorities, he was without power or jurisdiction to adjudicate.
Ordinarily, therefore, issuance of the absolute rule in prohibition would automatically follow, but in this case we are sure Judge Phillips will follow this opinion and the formal issuance of the absolute writ will accordingly be withheld.
It is so ordered.
ALLEN, C.J., and LILES, J., concur.