## EVERARD v. EVERARD.

No. 72-C-5431.

Circuit Court, Palm Beach County.

February 4, 1974.

Donald E. Brodbeck, West Palm Beach, for the ex-wife.

Ralph Mabie and Charles Musgrove, both of West Palm Beach, for the ex-husband.

LEWIS KAPNER, Circuit Judge.

This cause is presented upon an application for contempt against the former husband for arrears of $600 in alimony and support and for failure to pay certain debts and expenses as required by the final decree.

As to the payment of alimony and support, there is no question that contempt proceedings are appropriate. On that count the court finds that the husband is not adjudged in contempt so long as he is completely current on or before March 1, 1974.

The court, however, has no contempt authority to enforce payments of third party claims where such claims lack attributes of

alimony or support, this being prohibited by §11, Article 1, Fla. Const. — "No person shall be imprisoned for debt." See State ex rel. Gillhan v. Phillips, 193 So.2d 26; State ex rel. Cahn v. Mason, 4 So.2d 255. With respect to those items, including school tuition, property taxes and medical bills, which were due at the time of the final judgment, it may be argued that some of these expenses contain attributes of support; but, stemming as they do from the final judgment rather than from a previous order of support, they are more in the nature of an adjudication of property obligations. Thus, a finding of contempt is prohibited. See Howell v. Howell, 2 DCA, 207 So.2d 507; State ex rel. Gillhan v. Phillips, supra; State ex rel. Cahn v. Mason, supra.

This consequence of the constitutional prohibition is altogether just. That same final judgment requires the wife to pay certain obligations; yet, no one would contend that she be thrown into jail should she fail to pay them.

A different question is presented with respect to the *prospective* requirement of ad valorem taxes, insurance, extraordinary house maintenance (for example, a stove), school tuition and books for the children since, even though these payments are made to a third party, they are more in the nature of support. Substance not form will be looked to. Underwood v. Underwood, 64 So.2d 281. It is not clear to the court exactly what claims arose prior to, or subsequent to, the final judgment except for the property taxes which the court construes to be entirely within the range of support rather than an adjudication of existing property obligations.

It is thereupon ordered that the husband is not adjudged in contempt of court for failure to provide the above prospective items, provided as follows —

(1) The husband shall pay at least $200 toward these bills on or before February 20, 1974 and at least $75 per month thereafter.

(2) The husband shall reimburse the wife for these expenditures at the rate of at least $100 per month, commencing April 1, 1974, until she is fully reimbursed.

(3) The husband shall maintain all further such expenditures in a regular and proper manner.

(4) Although the husband is obligated on all the items mentioned, the contempt provisions of this order apply only to the prospective requirements as outlined above.

Jurisdiction of this cause is retained for the purpose of entering such further orders as to the court may seem necessary.