336 So.2d 1237 (1976)
Joseph E. BURKE, Appellant,
v.
Doris B. BURKE, Appellee.
No. 75-2194.
District Court of Appeal of Florida, Fourth District.
September 10, 1976.
Marvin L. Lessne, Fort Lauderdale, for appellant.
Allan M. Rubin of Law Offices of Hugh S. Glickstein, Hollywood, for appellee.
ALDERMAN, Judge.
This is an appeal from an order holding appellant in contempt of court. At the final hearing of a dissolution of marriage the parties in open court entered into a separation and property settlement stipulation. In the final judgment the trial judge *1238 ratified and confirmed the stipulation and ordered the parties to comply with all of the terms of the stipulation.
Subsequently appellant failed to comply with certain provisions of the stipulation and appellee filed motions to enforce the final judgment. Ultimately the trial court found appellant to be in contempt of court. Appellant was given the opportunity to purge himself of his contempt by complying with the court's order within five days. The specific violations are as follows:
(1) He failed to pay to her the sum of $1,956.26 as agreed.
(2) He failed and refused to execute and deliver to his former wife the joint income tax return for the calendar year of 1974 together with his check for one-half of the taxes due and owing thereon.
(3) He failed to execute and deliver to his former wife all documents necessary to release to her all of his interest in a certain note and mortgage.
(4) He failed to execute and deliver to his former wife all documents necessary to transfer to her all of his interest in certain securities.
The trial court further found and determined in his order that appellant's failure and refusal to comply was willful and deliberate and not caused by his inability to comply.
Appellant relies on the general rule that the contempt process may not be utilized to enforce payments required under a property settlement agreement, such payments being enforceable only as ordinary claims between a creditor and a debtor. Carlin v. State, 310 So.2d 403 (Fla. 4th DCA 1975); Howell v. Howell, 207 So.2d 507 (Fla. 2d DCA 1968); State v. Phillips, 193 So.2d 26 (Fla. 2d DCA 1966); State ex rel. Cahn v. Mason, 148 Fla. 264, 4 So.2d 255 (1941).
The $1,956.26 is clearly a payment required under the terms of a property settlement agreement and cannot be enforced by contempt proceedings. This part of the trial judge's order is reversed.
Subsequent to the filing of this appeal the trial judge entered an order which purported to relieve and discharge appellant from the order of contempt for his failure to execute and file a joint income tax return with appellee. This order was ineffectual because once a notice of appeal has been filed, the lower court is without jurisdiction to alter the order appealed from. Considering the merits of this portion of the order we conclude that it must be reversed because it also is an attempt to enforce by contempt proceedings a payment under the terms of the property settlement agreement.
A different situation is presented as to the remaining portion of the trial judge's order. This does not involve appellant being held in contempt for failure to make an agreed payment pursuant to a property settlement agreement. We do not run afoul of the constitutional prohibition that "No person shall be imprisoned for debt . ." Florida Constitution, Article I, Section 11. Here the defendant is charged with failure to execute certain documents. Appellant had agreed to do these things. The final judgment ordered that he comply with his agreement. The incorporation of the agreement into the final judgment, coupled with the trial court's order of compliance, was in effect a mandatory order for the specific performance of that act. Fla.R. Civ.P. 1.570, provides in part as follows:
"... If any other judgment, injunction or mandatory order for the specific performance of any act or contract is not complied with, the court may hold the disobedient party for contempt ..."
In the present case appellant was ordered by the trial court to specifically perform certain acts which appellant in open court had previously agreed to perform. The acts required did not involve the payment of money. Appellant's failure and refusal to comply was willful and deliberate and not caused by his inability to comply. Under these circumstances we hold that the trial court had the authority to enforce its order by holding appellant for contempt. This portion of the contempt order is affirmed.
*1239 Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
DOWNEY, J., concurs.
MAGER, C.J., dissents, with opinion.
MAGER, Chief Judge (dissenting):
I must respectfully dissent from that portion of the majority opinion concluding that the payment required under the terms of the property settlement agreement cannot be enforced by contempt proceedings. Notwithstanding the authority cited in the majority opinion, the facts and circumstances of the instant case fall within the orbit of the early decision of the Supreme Court of Florida in Solomon v. Solomon, 149 Fla. 174, 5 So.2d 265 (1942). There the Supreme Court held that if the property settlement agreement is embodied in the decree and contemplates when executed that it shall become a part of the court order, the failure to comply therewith is punishable by contempt.
In the instant situation the final judgment of dissolution, the violation of which gave rise to the contempt below, contained the following express finding:
"3. The Separation and Property Settlement Stipulation entered into by the parties on the 14th day of January, 1975, and recited into the record, is hereby ratified and confirmed; and the parties are ordered to comply with all of the terms of the Stipulation."

It is clear from the foregoing language (and from the very contempt order itself) that more than a mere ratification of the property settlement agreement occurred. As the circumstances were such as to exercise the contempt power in Solomon v. Solomon, supra, so, too, the situation in the instant case justified and legally supports the trial court's exercise of the power of contempt.
Accordingly, I would affirm the trial court in all respects.