348 So.2d 62 (1977)
STATE ex rel. Gary Norwood RENO, Petitioner,
v.
Honorable Everett RICHARDSON, Circuit Judge, Fourth Judicial Circuit, in and for Duval County, Florida, and Honorable Dale Carson, Sheriff of Duval County, Respondents.
No. GG-366.
District Court of Appeal of Florida, First District.
July 15, 1977.
Donald F. Perrin of Schneider, Dunay & Lee, P.A., Jacksonville, for petitioner.
Joel L. Goldman of Goldman, Presser, Lewis & Nussbaum, Jacksonville, for respondents.
RAWLS, Acting Chief Judge.
By petition for writ of habeas corpus, Reno presents the following query: May a trial court imprison a husband for contempt for failure to pay a third party on a joint debt of the husband and wife? The answer is no.
A salient provision set out in the final judgment entered December 6, 1976, dissolving the marriage of Reno and his wife is:
"7. The Husband shall pay the joint obligation to C.I.T. Finance Company, Babyland Furniture, and May-Cohens, and shall hold the wife harmless from default on same."
On June 2, 1977, in hearing various motions filed by the wife,[1] the trial court entered an "Order Allowing Husband's Withdrawal of Counsel and Imposition of Contempt Penalty" wherein, after finding that the Husband has had the past capacity to pay the obligations imposed upon him by the Final Judgment, and that he has wilfully failed to do so", ordered him to pay or otherwise satisfy the claim of C.I.T. Finance Company against the wife and the husband. A further provision of the order directed the husband to appear before the court at 9:00 a.m. on July 5, 1977, and present proof of satisfying the C.I.T. claim, and upon failure so to do that he would be sentenced to 60 days in the Duval County Jail. An "Order on Commitment for Contempt" was entered by the trial court on July 5, 1977, which found that the husband, although able to do so, wilfully failed and refused to make the payment to C.I.T. and directed that he be confined in the Duval County Jail for 60 days with the additional provision that the husband could purge himself of the contempt by paying C.I.T. and the commitment costs.
Squarely in point is the Supreme Court's opinion in State v. Mason, 4 So.2d 255 (Fla. 1941). There, the trial court had, in a divorce decree, required the husband to pay a bank certain sums of money "in restitution to the plaintiff [wife] of sums of money dissipated from her estate during the existence of their marriage". Upon a hearing seeking the adjudication of the husband to be in contempt for failure to pay the bank, *63 the trial court, after finding that the husband had the capacity to pay the delinquent sums, sentenced him to 30 days in jail unless he purged himself by the payment to the plaintiff of the sums due. The Supreme Court observed that even though the liability had its origin in financial transactions between the husband and the wife on the one part and the bank on the other part, the decree was not based upon any marital duty of the husband to the wife; thus, it was based upon a civil debt contemplated and proscribed by Section 16 of the Declaration of Rights, Constitution of Florida (1885).[2] The rationale of State v. Mason has been followed by the Second District Court of Appeal in State v. Phillips, 193 So.2d 26 (Fla. 2nd DCA 1966), and by this court in Corbin v. Etheridge, 296 So.2d 59 (Fla. 1st DCA 1974). See also Burke v. Burke, 336 So.2d 1237 (Fla. 4th DCA 1976).
The decree, being one requiring the payment of a debt then due to a third party, is not a decree that may be enforced by proceedings in contempt. The petition for writ of habeas corpus is granted with directions that petitioner, Gary Norwood Reno, be discharged from custody.
SMITH and ERVIN, JJ., concur.
NOTES
[1] The husband and his counsel were present.
[2] Article I, Section 11, Florida Constitution (1968), is identical to Section 16 of the 1885 Constitution.