355 So.2d 506 (1978)
Freddie Joe BRISCO, Appellant,
v.
Sandra Lee BRISCO, Appellee.
No. 77-1340.
District Court of Appeal of Florida, Second District.
March 3, 1978.
*507 Charlie Luckie, Jr. and Ted R. Manry, III of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Donald G. Doddington of John A. Gillis, P.A., Tampa, for appellee.
RYDER, Judge.
The husband appeals a final order establishing a foreign judgment of divorce, denial of modification of alimony and a judgment for arrearage.
On February 11, 1977 wife filed suit to have a final judgment and decree of divorce entered by the DeKalb Superior Court of the State of Georgia established as a Florida judgment. Her complaint alleged that the divorce decree granted her permanent alimony in the sum of $1,000.00 per month beginning November 1, 1975 until she dies or remarries. She sought a determination of the amount of payments due and unpaid to her and sought a judgment for such arrearage.
Husband answered and counterclaimed alleging that, although he agreed to pay wife $1,000.00 per month as permanent alimony, at the time said agreement was entered into he was the Professional Wrestling Champion of the World and, during 1975 he earned $190,000.00 from wrestling (plus certain other income). However, since losing his championship, his earnings in 1976 were only $60,000.00 and he estimated his 1977 wrestling earnings at a mere $50,000.00. We pause here to note that, although the record is somewhat unclear on this point, husband apparently has earned a great deal more from enterprises outside the purses he earned as a wrestler. Husband admits he was delinquent in making payments of alimony but avers that his ex-wife is able to become employed and support herself. Therefore, the husband prayed that the court establish the Georgia judgment and decree as a judgment of the Florida court and modify the agreement, final judgment and decree, by eliminating the provision requiring him to pay alimony or by reducing the amount of alimony to be paid.
On July 28, 1977 the trial court entered a final order which established the Georgia final judgment and decree as a Florida judgment. The court, in denying husband's petition for modification of alimony, held as a matter of law, the alimony provision of the judgment was not subject to modification under Florida law as the parties had entered into a valid and binding property settlement wherein the wife had waived her right to increase alimony, and concluded that the husband "cannot have it both ways." The trial court relied on Howell v. Howell, 164 So.2d 231 (Fla. 2d DCA 1964); also at 207 So.2d 507 (Fla. 2d DCA 1968). The trial court then determined the amount of arrearage in alimony to be $6,650.00 through May 1977 and entered judgment in favor of the wife. This appeal ensued.
We affirm that portion of the trial judge's order establishing the Georgia final judgment and decree as a Florida judgment. However, for reasons later discussed, we reverse the determination of the amount of arrearage in alimony owed and the trial court's ruling that the judgment may not be modified.
The facts of this case are distinguishable from those presented to this court in Howell. There we were dealing with a genuine property transfer agreement for specified consideration. Personalty, realty, stock and bank accounts were distributed and the wife relinquished her interest in the business, business accounts, business bank accounts, franchise, good will, etc. of the husband's businesses. The wife bargained for full and complete settlement and discharge of all further obligations the husband had to her for alimony, support, maintenance, dower, or claim of the wife against the husband in clear, concise and unambiguous terms of a contract listing various and sundry assets and properties which included jointly owned property as well as the business property in which the wife had an interest. In return, the husband bargained *508 and agreed to pay to the wife a certain amount of money per week so long as she lived and did not remarry. The agreement in Howell expressly bound the heirs, executors, administrators, personal representatives or assigns of the parties. Thus, we said in Howell: "It is clear that the parties effected a complete contractual settlement, transfer, division and sale of their properties for a consideration definitely fixed for an expressed period of time. The chancellor could not reduce the agreed amounts on petition for modification without doing violence to the underlying contract." 164 So.2d at 233.
Appellee, of course, urges that both husband and wife sub judice attempted the same result. The record does not sustain that allegation. We find the wife had no special equity in any of the husband's properties, all of which were acquired prior to the marriage and in which the wife did not participate. In fact, there was no claim for special equity in the Georgia divorce proceedings. It also appears the husband gave to the wife a condominium, furnishings and an automobile. The wife conveyed no property or interest in property to the husband. Consequently, we cannot find this to be a pure property settlement agreement not subject to modification. Therefore, the terms of our holding in Ohmes v. Ohmes, 200 So.2d 849 (Fla. 2d DCA 1967) more closely apply. Thus, in so holding, we also find that Section 61.14, Florida Statutes (1975) is applicable to the litigation herein.
Section 61.14(1), relating to modification of alimony judgments; agreements, etc., provides, in part: "When the parties have entered into ... an agreement for payments for ... alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement... and the circumstances or the financial ability of either party has changed ... since the execution of such agreement or the rendition of the order, either party may apply to the circuit court ... for a judgment decreasing or increasing the amount of ... alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties ... decreasing, increasing, or confirming the amount of . . alimony provided for in the agreement or order." [Emphasis added]
The order appealed from dismissed the petition for modification without any hearing on the theory that Howell took the action out of the operation of Section 61.14. In this, the trial court was in error. As the Georgia judgment is now a Florida judgment and is not a genuine property transfer agreement, Section 61.14 does apply and thus is available to both husband and wife for modification of alimony. Consequently that portion of the order of the trial court is reversed and remanded without prejudice to either party to pursue modification of alimony.
In view of the foregoing, the judgment entered herein in favor of the wife for alimony arrearages of $6,650.00 through May 1977 must also be reversed. In the event the trial judge grants the husband's petition for modification, he also has the discretion to make the modification effective as of the date of the petition for modification [here, March 14, 1977] or subsequent thereto but prior to the date of the order of modification. See McArthur v. McArthur, 106 So.2d 73 (Fla. 1958); Simon v. Simon, 155 So.2d 849 (Fla. 3d DCA 1963). In this respect, the amount of arrearages owed by the husband may ultimately be determined to be less than the amount stated in the judgment appealed from. We hasten to point out that we express no opinion as to the merits of husband's petition and, further, that under no circumstances could the trial court modify the arrearages as to installments of alimony that were due and owing, and thus vested in, the wife prior to the husband's filing his petition for modification on March 14, 1977.
Affirmed in part; reversed in part; remanded for proceedings not inconsistent with this opinion.
HOBSON, Acting C.J., and DANAHY, J., concur.