PER CURIAM.
Appellant/wife Norma Jean Goerlich appeals an interlocutory order dismissing her counterpetition for modification of alimony. We reverse.
The final judgment of dissolution of marriage entered on February 22,1977 provided among other things
that the Petitioner, RICHARD E. GOER-LICH, JR., be and he is hereby directed to pay to the Respondent, NORMA JEAN GOERLICH, as and for alimony, the sum of Five Hundred ($500.00) Dollars per month, for a term of two (2) years, payable on the date of the month of the entry of this Final Judgment. He will thereafter pay the sum of Four Hundred ($400.00) Dollars per month as alimony for a period of three (3) years and thereafter shall pay the sum of Two Hundred ($200.00) Dollars per month as alimony for a term of four (4) years. .
In May 1977 appellee/husband Richard E. Goerlich, Jr. filed a petition for modification of the final judgment seeking custody of the two children born of the marriage. Appellant filed a counterpetition for an increase in alimony payments based on an increased need for medical treatment and care. Pursuant to a motion filed by appel-lee the trial court dismissed the counterpe-tition stating that
the agreement of the parties dictated into the Record of this Court and included in the Final Judgment of Dissolution of Marriage as amended constituted a property settlement agreement under the laws of the State of Florida and as such is not subject to modification by the Wife for alimony.[1]
Appellee contends that the provision requiring “alimony” payments was not an award of alimony in the technical sense but rather was payment of money in settlement of the property rights of appellant. We do not agree with his contention. For an award of money to be considered a property settlement and not alimony it must clearly appear to be so from the final judgment. See Brisco v. Brisco, 355 So.2d 506 (Fla.2d DCA 1978). The fact that an alimony award is made by the trial court in concert with a property settlement cannot be considered as conclusive evidence that the payments are part of the property settlement. In this case the language of the final judgment strongly implies that the agreement stipulated to by the parties referred to only a portion of the disputed property and did not constitute an exhaustive disposition of the properties nor a complete determination of each party’s property rights. We therefore hold that the final judgment included an alimony award which is subject to modification under certain conditions.
Section 61.14, Florida Statutes (1977) authorizes the modification of alimony during the period of time in which the alimony provisions are executory. Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975). In *897 the case before us the final judgment provided that alimony payments would be made for ten years. Consequently, the trial court may at any time during that period modify the alimony award.
Accordingly, we reverse the order of dismissal appealed and remand the cause for further proceedings.
REVERSED and REMANDED.
BOARDMAN, C. J., and RYDER and DANAHY, JJ., concur.

. As indicated above the parties did not execute a written agreement, and the transcript of this hearing is not included in the record on appeal.