400 So.2d 121 (1981)
Alfred T. SCHMINKEY, Appellant,
v.
Ellen O. SCHMINKEY, Appellee.
No. 80-1073.
District Court of Appeal of Florida, Fourth District.
June 17, 1981.
John D. DiChiara, of Digiulian, Spellacy & DiChara, Fort Lauderdale, for appellant.
No appearance for appellee.
HURLEY, Judge.
Appellant/former-husband challenges an order finding him in contempt for failure to repay a bank loan, the repayment of which was unconnected with alimony. We reverse.
At the time of his divorce, appellant/husband entered into a stipulation to convey certain real property to his wife in lieu of alimony. The provision was accentuated by the following colloquy between counsel:
HUSBAND'S COUNSEL: That is transferred to her in lieu of all forms of alimony, et cetera; correct?
WIFE'S COUNSEL: I said in lieu of alimony, that's correct.
HUSBAND'S COUNSEL: All right.
The final judgment of dissolution incorporated the above stipulation by reference and expressly stated that the realty was being transferred to the wife "in lieu of alimony."
The final judgment of dissolution further contained a provision that the husband make monthly loan repayments to the Century Bank of Broward County to satisfy a pre-existing obligation of both parties. The former husband failed to comply with this provision and the former wife instituted contempt proceedings which resulted in the order on appeal.
The stipulation of the parties and the final judgment of dissolution unequivocally *122 establish that the requirement to repay the loan is not alimony. It is a decree to repay a debt due to a third party. As such, it may not be enforced through contempt proceedings since our constitution prohibits imprisonment for debt.[1] Article I, Section 11, Florida Constitution. Accord, State ex rel. Cahn v. Mason, 148 Fla. 263, 4 So.2d 255 (Fla. 1941); State ex rel. Reno v. Richardson, 348 So.2d 62 (Fla. 1st DCA 1977); Corbin v. Etheridge, 296 So.2d 59 (Fla. 1st DCA 1974); State ex rel. Gillham v. Phillips, 193 So.2d 26 (Fla.2d DCA 1966). The order of contempt is quashed and the cause is reversed.
Although the cases cited are apropos especially Cahn v. Mason, supra, we cannot help but think that the result is totally out of step with the Supreme Court's recent holdings which in effect authorize a trial judge to make a property settlement agreement. Accordingly, deeming the matter to be of great public importance we certify to the Supreme Court of Florida the following question:
WHEN A PROVISION IN A FINAL JUDGMENT OF DISSOLUTION OBLIGATES A HUSBAND TO PAY A DEBT OWED TO A THIRD PARTY BY BOTH HUSBAND AND WIFE AND THE HUSBAND FAILS TO PAY, CAN HE BE HELD IN CONTEMPT?
MOORE, J., concurs.
LETTS, C.J., concurs specially with opinion.
LETTS, Chief Judge, specially concurring:
Paragraph 3 of the Final Judgment sets forth a series of directions in lieu of alimony which were stipulated to in open court. There followed five more paragraphs, one of which read as follows:
4. The Respondent shall pay FOUR HUNDRED ($400.00) DOLLARS per month to the Century Bank of Broward, to reduce the interest and principal indebtedness on Loan Number XXXXXXXXXX in the amount of TWENTY THOUSAND ($20,000.00) DOLLARS, and on Loan Number XXXXXXXXXX in the amount of TWENTY THOUSAND ($20,000.00) DOLLARS. The first payment shall be due and payable on October 30, 1979, and thereafter on the 30th day of each and every month until the above loan obligations are paid in full. This Court specifically reserves jurisdiction to modify this provision after the above loans have been reduced by the payment from the sale of Apartment 205 referred to in the Stipulation between the parties, if the circumstances justify such an award.
It just should not be that this quoted paragraph in the Final Judgment, which even refers to the stipulation in the previous one, be scissored out and reduced to the mere level of a debt owed to a third party and the majority has obviously rewritten the trial judge's clear intent. One wonders how we would deal with the other paragraphs of this final judgment in the event of a default and how we can explain the specific reservation of jurisdiction over "... this entire matter." (emphasis supplied)
However, I do not dissent, for the obvious reason that the cases cited in the majority opinion are apropos.
NOTES
[1] However, where a requirement to pay a debt to a third party is a form of alimony or family support, it may be enforced through contempt proceedings. Everard v. Everard, 40 Fla. Supp. 74 (Fla. 15th Cir. Ct. 1974).