PER CURIAM.
This is an appeal by the wife of the trial court’s order denying wife’s exceptions to a General Master’s Report which arose out of a suit by the wife to enforce a property settlement agreement. No issue of alimony or child support is present.
The first issue presented deals with the husband’s failure to convey certain condominium property located in Colorado to a trustee who is not a party to this litigation. The Master found that the trustee was an indispensable party.[1] Neither the Master nor the trial court erred in concluding that the trustee (Corbett) is an indispensable party. Ames v. Ames, 126 So.2d 754, 756 (Fla. 1st DCA 1961).[2] The trial court, in its order, specifically gave leave for the trustee to appear and left available to the wife an enforcement alternative.[3]
*296 As a second point, the wife alleges the trial court erred in denying an exception to the Master’s Report regarding Paragraph 19 of the agreement.[4]
The law is well-established that a husband’s obligation to pay a debt to a third party cannot be enforced by way of contempt. State ex rel. Cahn v. Mason, 148 Fla. 264, 4 So.2d 255 (1941); Burke v. Burke, 336 So.2d 1237 (Fla. 4th DCA 1976); Corbin v. Etheridge, 296 So.2d 59 (Fla. 1st DCA 1974); State ex rel. Gillham v. Phillips, 193 So.2d 26 (Fla. 2d DCA 1966).
We decline appellant/wife’s invitation to retreat from this well-established principle. The judgment of the trial court is, accordingly, affirmed.
Affirmed.

. The property settlement agreement upon which enforcement is sought is a complex twenty-two page document which creates rights, duties and obligations on the part of husband, wife and the trustee. Paragraph 18 of the agreement is set forth fully here.
SALE OF POWDERHORN CONDOMINIUM: The parties agree to the sale of the Powerhom [sic] Condominium to Dan L. Ste-fanoff and Vicki Stefanoff for $275,000. There shall be a purchase money second mortgage to Deborah Corbett, as Trustee and any cash received at closing shall go to the Husband.

. The Ames court suggests that if the trust is passive or inactive, a trustee may not be an indispensable party. We do not reach that issue.

. The pertinent portions of the trial court’s order denying exceptions to the Master’s Report are:
2) Paragraph 2c of the Master’s Report is hereby specifically approved and ratified. The Court finds that the Trustee, Deborah Corbett, is an indispensable party to this cause and must appear before the Court in order for the Wife to receive the requested relief.
3) The Trustee may in lieu of personal appearance file an affidavit submitting herself to the jurisdiction of this Court.
4) Upon the filing of this affidavit, the Wife may move the Court for the entry of an order compelling the Husband to execute the deed to the Powderhorn Condominium pursuant to *296 paragraph 18 of the Property Settlement Agreement. The Wife may notice her Motion for hearing on the Court’s motion calendar.

. Paragraph 19:
PARTIES DEBTS: The Husband shall pay the outstanding obligations of the parties in an amount not to exceed $35,000.00. A list of these creditors and the amounts owed is attached as Exhibit A. The Husband shall have a reasonable time to satisfy these debts and obligations. The Husband shall hold the Wife harmless regarding all claims, demands and lawsuits, including attorneys’ fees incurred with reference to any creditor on the above mentioned list.
Exhibit A, referred to, schedules twenty-five different obligations ranging from $11.00 to $5,000.00.