429 So.2d 68 (1983)
James B. ZUCCARELLO, Appellant,
v.
Linda Collins ZUCCARELLO a/K/a Carol L. Collins, Appellee.
Nos. 82-2531, 82-2532 and 82-2648.
District Court of Appeal of Florida, Third District.
April 5, 1983.
Sibley, Giblin, Levenson & Glaser and Michael Winer, Miami Beach, for appellant.
Joel V. Lumer, Miami, Kathleen M. Phillips, Coral Gables, for appellee.
*69 Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
Despite its title, the agreement of the parties incorporated into the final judgment of dissolution was not a true "property settlement agreement" since it did not involve an exchange of financial rights or obligations. Pujals v. Pujals, 414 So.2d 228, 229 n. 1 (Fla. 3d DCA 1982). It follows, even though the contract recited that the wife "waive[d] all alimony claims," that the husband's undertaking to pay her $20,000 in 120 monthly payments of $222 each was not a mere debt[1] but rather served to discharge an obligation to support her. Brisco v. Brisco, 355 So.2d 506 (Fla. 2d DCA 1978). Contrary to the appellant's position, it was therefore properly deemed enforceable by contempt. See Lamm v. Chapman, 413 So.2d 749 (Fla. 1982); compare, e.g., Howell v. Howell, 207 So.2d 507 (Fla. 2d DCA 1968).
Affirmed.
NOTES
[1] Another indication which leads to this conclusion is that it was specifically agreed that the obligation was not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5) (1979) (alimony or support not dischargeable).