440 So.2d 677 (1983)
Gregory L. BALL, Appellant,
v.
Candace H. BALL, Appellee.
No. AR-230.
District Court of Appeal of Florida, First District.
November 21, 1983.
Gene T. Moss, Moss & Edwards, Jacksonville, for appellant.
Roy E. Dezern, Jacksonville, for appellee.
*678 LARRY G. SMITH, Judge.
The sole issue meriting discussion on this appeal is whether the trial court properly adjudged appellant in contempt of court for failure to pay certain obligations specified in the final judgment of dissolution. We reverse.
We hold that the contempt order, insofar as it relates to the husband's non-payment of the debts payable to American National Bank and to Visa, was improperly entered. First, the order is fundamentally defective in that it fails to contain an affirmative finding of appellee's present ability to pay, or willful failure to do so, or that he previously had the ability to comply with the judgment but divested himself of that ability through his fault or neglect designed to frustrate the intent and purposes of the judgment. Andrews v. Walton, 428 So.2d 663 (Fla. 1983); Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976); Carlyle v. Carlyle, 438 So.2d 176 (Fla. 1st DCA 1983) opinion filed September 22, 1983; Robbins v. Robbins, 429 So.2d 424, 430 (Fla. 3rd DCA 1983).
Secondly, the judgment provisions calling for payment of the bank and Visa debts cannot be enforced by contempt. The facts are that before the dissolution, the husband borrowed $28,000.00 from Barnett Bank for business purposes. Stocks and bonds owned solely by the wife, acquired by inheritance from her family, were pledged as collateral. The judgment ordered the husband to pay this note and secure the release of the wife's securities. The husband was also ordered to pay the current balance owed on the Visa account, and to save the wife harmless. After the divorce the husband made a payment of approximately $14,000.00 (part of the purchase price for the pre-divorce sale of his business) on the Barnett note. Subsequently, also after the divorce, the parties borrowed $15,000.00 from American National Bank to pay off the Barnett Bank note, and the wife's securities were again pledged to secure this new loan. The husband either failed to pay the Visa account, or incurred additional charges which were unpaid, resulting in a claim for payment being made against the wife.
These debts which the final judgment ordered the husband to pay were not connected in any way to his duty to provide child support or alimony to the wife. We find that the circumstances here rule out the use of the contempt power to enforce payment.[1]State ex rel. Cahn v. Mason, 148 Fla. 264, 4 So.2d 255 (Fla. 1941); Woods v. Butler, 418 So.2d 295 (Fla. 3rd DCA 1982); Schminkey v. Schminkey, 400 So.2d 121 (Fla. 4th DCA 1981); Chapman v. Lamm, 388 So.2d 1048 (Fla. 3rd DCA 1980); State ex rel. Reno v. Richardson, 348 So.2d 62 (Fla. 1st DCA 1977); Corbin v. Etheridge, 296 So.2d 59 (Fla. 1st DCA 1974).
Appellee contends, however, that she waived any claim for alimony in reliance upon the husband's agreement and the final judgment requiring him to pay these obligations. The stipulation between the parties, upon which the final judgment was based, contained a provision whereby each party waived any other claims for money, support, or maintenance from the other. The final judgment contains no reference to these waiver agreements, nor is support or alimony mentioned in any manner. We note that in Schminkey, supra, where the court reversed a contempt order for non-payment of a bank loan, another provision of the final judgment requiring the conveyance of real property was expressly stated to be "in lieu of alimony." 400 So.2d at 121. In a footnote the court indicated that where a requirement to pay a debt to a third party is "a form of alimony or family support," it may be enforced by contempt. Id. at 122. Although the court did not articulate its reason for pointing to the provision with respect to the real property transfer, one may infer that the court found the absence of an express "in lieu of alimony" reference *679 with respect to the bank loan (where such a provision appeared with reference to the real property transfer) as indicative of an intent that it was not to be so considered.
From our review of the cases it appears necessary to look to the circumstances of the particular debt under consideration, as well as the specific provisions of the judgment itself, in order to determine the character of the obligation as one for alimony or family support, or a settlement of property or financial obligations. Here, the provision requiring the husband to pay the bank loan and secure the release of the wife's stock had little effect other than to memorialize and make certain the fact that the entire bank debt was to be considered the sole obligation of the husband after the divorce, and that the stocks and securities were to remain solely owned by the wife and be restored to her when the loan was paid. We are unable to accept the implication, advanced by appellee, that by making this agreement for restoring the wife's securities to her the parties considered that payment of the loan to the bank would be considered as in the nature of alimony to the wife. The evidence is unrefuted that the loan proceeds were used in the husband's business ventures, as to which the husband retained sole ownership. Further, it is clear from the record that the husband had made an agreement for sale of a business venture before the divorce, but had not received payment of the full purchase price. It is also apparent that the husband was relying upon proceeds from sale of the business to pay the bank loan (a part payment was so applied, as above stated), but this plan was thwarted by the buyer's subsequent default and bankruptcy.
We conclude that in the absence of evidence to indicate otherwise, the bank loan payment provision must be viewed as a part of the adjustment of the parties' property and financial matters, unconnected with family support obligations, and must fall into the category of a property settlement agreement. We thus distinguish this case from Zuccarello v. Zuccarello, 429 So.2d 68 (Fla. 3rd DCA 1983), and Brisco v. Brisco, 355 So.2d 506 (Fla. 2nd DCA 1978). In Zuccarello, although the stipulation incorporated in the final judgment recited that the wife waived all alimony claimed, the husband's undertaking to pay her $20,000.00 in 120 monthly installments was held "not a mere debt," but that it rather served "to discharge an obligation to support" the wife. 429 So.2d at 69. The payment of this obligation was therefore held enforceable by contempt. In Brisco, an alimony award was found subject to modification (by reduction of the amount payable) because the agreement upon which the final judgment depended was found by the court not to be "a pure property settlement agreement not subject to modification." 355 So.2d at 508. Cf. Pujals v. Pujals, 414 So.2d 228 (Fla. 3rd DCA 1982), characterizing a judgment provision (based on agreement) giving the wife the right to occupy the marital home with the parties' minor son until the home was sold as "no more than an aspect of child support." 414 So.2d at 230. By contrast, there is nothing in the circumstances of the present case to indicate that the order requiring payment of the loan and restoration of the wife's property to her could properly have been subject to modification, notwithstanding a provision of the final judgment purporting to reserve jurisdiction for modification purposes.[2]
In view of our reversal of the finding of contempt for non-payment of the bank loan and Visa account, the amount of attorney's fees awarded to appellee's attorney must be reconsidered by the trial court. The attorney's fee award is therefore reversed, as to the amount, and the court may enter such *680 further order as may be appropriate after notice and hearing.
AFFIRMED in part and REVERSED in part, and REMANDED for further proceedings.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] It is, therefore, unnecessary for us to consider whether the parties' post dissolution substitution of the American National Bank obligation for the Barnett Bank obligation was a novation sufficient to discharge the original obligation. See generally, Sans Souci v. Division of Florida Land, etc., 421 So.2d 623 (Fla. 1st DCA 1982).
[2] See, Zuccarello v. Zuccarello, supra, in which the court found the purposes and effect of the payment provision itself controlling, rather than an express waiver of alimony provision. Applying similar reasoning, we conclude that the reservation of jurisdiction for modification here was effective only as to those particular provisions subject to modification, and could not have the effect of subjecting the property settlement provisions between the parties to redetermination by the trial court so as to convert such provisions into obligations for payment of alimony. See, McEachin v. McEachin, 154 So.2d 894 (Fla. 1st DCA 1963).