**VINCENT C. GIBLIN v. STATE OF FLORIDA**

29 So. (2nd) 18                                          January Term, 1947
February 11, 1947                                                  En Banc

*George M. Powell,* Cleveland, *Sibley & Davis,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

*Thomas H. Anderson, Richard H. Hunt* and *E. F. P. Brigham,* as Amici Curiae.

ADAMS, J.

This is an appeal from a judgment holding appellant in contempt of court. The order in question recites:

". . . It appears from the records and the evidence before the Court that on February 21, 1946, there was filed in this Court, chancery case No. 97957, entitled State of Florida, on the relation of Vincent C. Giblin, against Howard Losey and others, which was a suit brought under Section 64.11 of the Florida Statutes Annotated, against the owners and operators of a certain gambling establishment, for the purpose

of enjoining gambling operations on the premises and by the defendants, there and at other places, of such nuisances as they might create in the county for the purpose.

That cause was lodged in the division of this Court presided over by the Hon. Stanley Milledge, one of the circuit judges. The file shows that subpoenas were issued for an intended hearing on a date fixed by that Judge after the 3-day statutory notice. The hearing was set for February 27th. On the day prior to the hearing, at the request of counsel employed by the defendants, the hearing was postponed by Judge Milledge to March 2nd. Prior to that hearing date a motion was filed by counsel for the defendants in the case for disqualification of Judge Milledge. That motion referred to the fact that Judge Milledge had been active in anti-gambling sentiment and had aligned himself with people of that mind, and was therefore biased in the matter against the defendants. The motion to disqualify also referred to a statement which the respondent here, Vincent C. Giblin, had made just prior to the institution of the suit, in which he had inferred or stated that Judge Milledge had acted to protect, as state attorney, a gambling operation in which the defendants in that case were involved while proceeding against others, and the motion to disqualify took the position that the statements of Giblin in that respect had prejudiced Judge Milledge and would cause bias against the defendants in the Judge's mind.

The Judge denied the motion, and on the same day, which was the day before the hearing, a rule nise was issued in the Supreme Court in prohibition, which had the effect of preventing Judge Milledge from proceeding in the case.

On March 2, 1946, the respondent here filed in the injunction suit, the motion for dismissal which is under examination. That motion stated that it was brought under the statute referred to, and that the sworn statement appended was made a part of the motion and contained the grounds and reasons on which the motion for dismissal was predicated. The motion to dismiss, with its appended statement, contained certain serious criticisms and charges against the integrity of Judge Milledge; it criticized the Judge for

unethical conduct, which was charged as being the granting of motions by him in the case for continuances, and his action on the motion for disqualification without notice; it accused him of conspiring and colluding with the defendants' attorney and with the defendant gamblers in the case to delay, all of which has been referred to by the respondent here in his statement. He accused the Judge of deliberately favoring the gamblers, and of arranging it so that they would have more time to continue the gambling operations at enormous profits, and it again accused the Judge of conspiring and colluding with the gamblers. It referred to a claimed long association by Judge Milledge with gamblers, and related to a certain incident in which one of the gamblers named in the case had claimed that he had been of material assistance to Judge Milledge in connection with the appointment of the Judge to the circuit court in 1940 by a former governor. The motion contended and accused Judge Milledge of paying a debt to the gamblers which he owed to them through his activities in the case which the motion complained of, and wound up by stating in effect that the moving party had no confidence in the Judge's integrity."

The vital question which we must now settle is whether the language used in the motion was privileged. The primary defense to the judgment rests upon language in our opinion in State ex rel. Giblin v. Sullivan, 127 Fla. 496, 26 So. (2nd) 509. It is insisted that our opinion in that case forms the law of this case.

For many reasons that opinion is not the law of this case. That case was not an appeal. It was an action in habeas corpus. It was a collateral attack on the judgment. Furthermore in this case we have different pleadings with a record containing the appellant's side of the case whereas in the habeas corpus case appellant had no pleadings or evidence. In all fairness to him, and others likewise situated, we could not say he had no day in court and in the same breath judicially emasculate any defense he might thereafter bring forth. See 3 Am. Jur., page 541, Sec. 985 and Doyle v. Matilda Wade et al., 23 Fla. 90, 1 So. 516.

Addressing ourselves to the question of privilege, we are

reminded of the argument made that the statements might have been privileged had they been incorporated in a motion to disqualify the judge or to transfer the case to another judge. This argument does contain a thread of logic. If we were passing upon the sufficiency of pleading merely to settle the issues in a case, it would have an element of persuasion. We have here a delicate question and yet a most important one. It is of the utmost importance that both judges and lawyers be secure in their respective rights. Freedom in the exercise of a lawyer's rights should not depend on the nicety and precision of judicial judgment in the choice of remedies. Especially is that true in this case where the choice of remedy rested upon weighing matters of law and fact. By *fact* we mean when appellant selected this remedy to the exclusion of the others he decided that the others would entail delay whereas the remedy selected would more effectuate the purpose. There is a wealth of authority cited by both parties throwing shades of light on this question. We will not discuss the cases because here the motion was filed by virtue of a statute which required a showing to be made as a prerequisite to obtaining an order of dismissal.

The complete record now before us makes a different case from that shown in the habeas corpus case. When appellant filed the motion pursuant to the statute his statements were privileged. See Myers v. Hodges, 53 Fla. 197, 44 So. 357.

The judgment is reversed with directions to dismiss the rule.

Reversed.

TERRELL and BUFORD, JJ., and HARRISON, Associate Justice, concur.

THOMAS, C. J., and CHAPMAN, J., dissent.