BOARDMAN, Chief Judge.
Appellant George C. Matthews appeals the judgment of guilty and sentence of 30 days confinement in the county jail and a $500 fine for contempt of court.
The ruling of the trial court was predicated upon certain statements included in a complaint appellant filed against Judge Wehle and others. Appellant sought in-junctive relief and damages for alleged criminal acts committed against appellant, his wife, and others and denial of appellant’s constitutional rights. The complaint included the following allegations directed against Judge Wehle:
6.) On information and belief defendant Judge Wehle is over 75 years of age, has a malicious animosity to any person trying his own case or non-bar [sic] member, and is reputed to be “HATCHET JUDGE” to cover up illegal or unethical conduct for other judges, and the court’s “HIT MAN” of an adversary, and a judge other judges use to protect their, alleged reputation and avoid injury in political campaigns, and that on information and belief said judge has been holding secret meetings with adversaries of plaintiff outside the Twentieth Judicial Circuit to pre-determine [sic] certain cases that have been agreed upon by lawyers and county officials with said Judge, and on information and belief has already made derogatory remarks of what he would do to plaintiff.
7.) That on Information and belief, exchange of articles of value for the appointment of said Judge Victor 0. Wehle to dismiss plaintiff’s lawsuits selected by the defendants, and not to try cases filed against plaintiff, has occurred, with county officials involved.

AND, ON OR ABOUT October 1, 1977 on information and belief defendants Vega, Wenzel, Pickworth, Siesky, John Doe # 2, acting in cpncert [sic] and collusion, offered election campaign support and other articles of value unknown at this time to Defendant Boyd in return for the Assignment of defendant WEHLE, reputed “hatchet Judge” and “Hit man”, allegedly a SENILE and VINDICTIVE, capricious retired judge sans scruples and principles with a natural animosity against laymen pleading their own cases, and who is reputed to have made several statements of a highly uncomplimentary nature and threat averring what he would do to plaintiff, [sic] and his news paper [sic].
On the basis of these allegations Judge Wehle issued an order to appellant to show cause why he should not be held in contempt of court. At a hearing on the contempt charge appellant offered no defense other than that Judge Wehle was disqualified to preside over the contempt proceedings. Judge Wehle found that the making and publication of the statements “were directed against the authority and dignity of the Court acting judicially; and did unlawfully assail and discredit the Court. . . ."
According to the weight of authority, defamatory words published by parties, counsel, or witnesses in the due course of a judicial proceeding are absolutely privileged if they are connected with or relevant or material to the cause in hand or subject of inquiry. Myers v. Hodges, 53 Fla. 197, 44 So. 357 (1907); Goodman v. Goldstein, 145 So.2d 882 (Fla. 3d DCA 1962); 53 C.J.S. Libel and Slander § 104. The statements at issue here, however false or malicious they may in fact be, constitute the alleged facts underlying appellant’s claim against Judge Wehle. As such they are privileged. See Fair v. Lo Scalzo, 287 So.2d 327 (Fla. 2d DCA 1974).
The judgment and sentence are reversed and vacated and the cause remanded for further proceedings consistent with this opinion.
HOBSON and SCHEB, JJ., concur.