386 So.2d 902 (1980)
C. Wesley KENT, III, Appellant,
v.
The CONNECTICUT BANK AND TRUST COMPANY, N.A., a National Banking Association, Appellee.
No. 80-11.
District Court of Appeal of Florida, Second District.
August 22, 1980.
Eric S. Ruff and James V. Stewart of Law Offices of William Randolph Klein, Sarasota, for appellant.
Harry W. Haskins and Gregory W. Hootman of Dickinson, O'Riorden, Shields & Carlton, Sarasota, for appellee.
*903 SCHEB, Chief Judge.
C. Wesley Kent, III, appeals from the trial court's final order dismissing his complaint seeking damages for alleged defamation by the Connecticut Bank and Trust Company. We hold that the court erred in dismissing Counts II and IV of that complaint.
In Kent's second amended complaint he alleged that the Bank wrongfully and negligently filed a suit in circuit court charging that he was delinquent by $2,227.67 on his credit card account. Kent stated that the circuit court was without subject matter jurisdiction because the amount claimed by the Bank was less than $2,500. Subsequently, the Bank voluntarily dismissed its suit.
Kent also alleged that the Bank's attorney, within the scope of his employment, communicated by telephone with Kent's employer and falsely, wilfully and wantonly told the employer that Kent was a delinquent debtor. Kent contended that the Bank's suit, attendant newspaper publicity and the false statements the Bank made to his employer were defamatory. He alleged that they caused him to suffer embarrassment, loss of his business reputation, and loss of his position as a trust officer with a Sarasota bank, together with the retirement pension he would eventually have received.
In Count II of his second amended complaint, Kent sought compensatory damages for the alleged slanderous statements the Bank made in the telephone conversation with his employer. In Count IV he repeated some of the allegations of the prior counts, but sought punitive as well as compensatory damages. The Bank moved to dismiss Kent's second amended complaint on the ground that the alleged publications were absolutely privileged as part of a judicial proceeding. The trial court granted the motion and dismissed the complaint with prejudice. Kent filed this appeal.
In Count II Kent alleged that the Bank's attorney wilfully and wantonly made defamatory statements concerning him in a telephone conversation with his employer. The Bank, however, contends that any defamatory statements made by its attorney to Kent's employer were absolutely privileged because they were relevant to the subject matter of the suit it had filed against Kent. Had the statements been made in the course of a judicial proceeding and relevant to the subject matter of that proceeding, the Bank would be correct. Budd v. J.Y. Cooch Co., 157 Fla. 716, 27 So.2d 72 (1946); Matthews v. State, 359 So.2d 18 (Fla. 2d DCA 1978). Kent alleged, however, that the circuit court in which the Bank filed its suit was without subject matter jurisdiction because the claim was for less than $2,500. Art. V, § 5(b), Fla. Const.; §§ 26.012(2)(a), 34.01(1), Fla. Stat. (1977). We assume that the Bank filed its suit in the circuit court in good faith on the basis that attorney's fees which it sought would be included in the jurisdictional amount. They are not, however. § 34.01(1), id.
Had the Bank properly filed the suit in county court, all relevant statements in the course of that proceeding would have been absolutely privileged. However, we choose to follow the majority view of the few states which have considered the question. The courts in these states have concluded that if the court in which a case is filed has no jurisdiction, then the proceeding is not judicial and no absolute privilege attaches to statements made in the course of the proceeding, irrespective of the good faith of the party in filing the suit. See Sowder v. Nolan, 125 A.2d 52 (D.C. 1956); Parker v. Kirkland, 298 Ill. App. 340, 18 N.E.2d 709 (1939); Di Blasio v. Kolodner, 233 Md. 512, 197 A.2d 245 (1964); Hager v. Major, 353 Mo. 1166, 186 S.W.2d 564 (1945); Annot., 158 A.L.R. 592 (1945); contra, Runge v. Franklin, 72 Tex. 585, 10 S.W. 721 (1889). These cases generally involved quasi-judicial proceedings where it was not always clear whether the administrative body involved had jurisdiction. Nevertheless, we think the majority rule to be sound because otherwise the slandered party might have no opportunity to clear himself. Consequently, accepting the allegations of Kent's complaint as true, the circuit court did not *904 have subject matter jurisdiction of the Bank's suit. Therefore, its suit did not constitute a judicial proceeding and was not privileged. Hence, the trial court erred in dismissing Count II.
Count IV, as noted, repeats some of the allegations of the prior counts, and adds a prayer for punitive damages. Kent pled malice in Count II and, consequently, properly pled his case for punitive damages. See Matthews v. DeLand State Bank, 334 So.2d 164 (Fla. 1st DCA 1976). The court, therefore, improperly dismissed Count IV.
We find no merit in the contention that the court erred in dismissing Counts I and III. Hence, we affirm the trial court's dismissal of those counts. We reverse, however, as to its dismissal of Counts II and IV.[1] We remand for further proceedings consistent with this opinion.
GRIMES and DANAHY, JJ., concur.
NOTES
[1] Those allegations of Counts I and III incorporated in Counts II and IV remain viable as allegations of the reinstated counts.