BARKDULL, Judge.
Subsequent to our earlier opinion in this cause [see: State v. Braverman, 348 So.2d 1183 (Fla. 3d DCA 1977)], the cause reoccurred in the trial court for sentencing, at which time the appellant was sentenced to a term of 15 years on each of the two counts to run concurrently. An appeal of this sentence was lodged in this court under Clerk’s File No. 79-888. During the pendency of this appeal, counsel for the defendant requested a relinquishment of jurisdiction for the trial court to consider a Rule 3.850 R.Cr.P. motion which was granted. Thereafter, the trial court conducted an eviden-tiary hearing and concluded that he would grant the motion because the plea was not freely and voluntarily made under all the circumstances. However, he felt that he was bound by the law of the case as set forth in our earlier opinion, and he denied the Rule 3.850 R.Cr.P. motion. An appeal from this order was taken in this court and lodged under Clerk’s File No. 80-715. The cases were subsequently consolidated and have now been briefed and orally argued.
The principal thrust of the appellant’s argument is that the original trial judge having found:
“One of the other reasons I granted a new trial — and I was of a mind all the way to grant it — I think the defendant was laboring under the apprehension originally that there was a deal made in this case and I don’t think that was fully overcome, notwithstanding his answers on voir dire, the information before I accepted the plea.”
and the trial judge who conducted the Rule 3.850 R.Cr.P. hearing having found:
“The Defendant, Allen Braverman, did enter a nolo plea upon a misunderstanding of fact concerning his possible sentence. Braverman was operating under a misunderstanding when he entered his plea as to the amount of sentence he would receive. This Court finds that Braverman believed he was promised by the State (a lesser sentence) something that he never received.”
the appellant should be permitted to withdraw his plea and that the earlier opinion did not constitute the law of the case.
It is true that when the appellant, as defendant in the trial court, filed his initial motion to withdraw the plea it was a motion based on three grounds, to wit:
“(1) The discovery of new evidence obtained since the nolo pleas establishing among other things that the defendant was physically unable to have committed the assault with intent to commit murder, which evidence if known at the time of the nolo pleas would have caused the defendant not to have entered the nolo pleas; (2) The state failed to supply the defendant with certain pre-trial discovery; and (3) The defendant entered his nolo pleas upon an honest misunderstanding as to the expected sentence.” State v. Braverman, supra.
As reflected in the earlier opinion, the matter was principally presented to the trial court on the ground of newly discovered *1167 evidence,[1] and the order of the trial judge permitting the withdrawal of the plea was quashed and the matter was returned to the trial court for sentencing. It is the position of the State that this opinion estopped the defendant from filing a Rule 3.850 R.Cr.P. motion on any ground that was contained in the earlier motion to withdraw. Under the facts of this case as it developed, we do not concur with the State. The third ground of the motion to withdraw, supra, was not originally before the trial court and it was not an issue involved in the prior ruling of this court nor a point upon which the prior appeal was decided. Giblin v. State, 158 Fla. 490, 29 So.2d 18 (1947); Myers v. Atlantic Coast Line Railroad Company, 112 So.2d 263 (Fla.1959); 3 Fla.Jur.2d, Appellate Review, §§ 422, 423. Further, Rule 3.850 R.Cr.P. specifically permits such an attack as to the voluntariness of the plea to be made post-conviction and sentence and, even though it was a matter that could have been considered under the earlier motion to withdraw the plea, we do not think that the mere availability of this ground prior to adjudication and sentence would bar the opportunity to raise it again upon a Rule 3.850 R.Cr.P. motion. It appears inherently unfair for two different trial judges, one the original judge who accepted the plea and another who heard the evidence in relation to the circumstances surrounding the plea on a Rule 3.850 R.Cr.P. hearing, to both conclude that the plea was not freely and voluntarily made and, because of legal legerdemain, deprive a person of a right to withdraw the plea.
Therefore, the order under review is reversed and the cause is remanded with directions to permit the appellant to withdraw his plea of nolo contendere and for further proceedings consistent therewith.
Reversed and remanded, with directions.

. As stated in the earlier opinion at page 1186:
“On July 30, 1976, the motion came on for hearing before the trial court. The hearing centered entirely on the first ground of the motion relating to newly discovered evidence. No testimony or proofs were offered in support of the other two grounds.”