# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2402
Lower Tribunal No. 03-5870
_____

**Henry Abner Thomas,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Henry Abner Thomas, in proper person.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.

Before ROTHENBERG, SALTER and SCALES, JJ.

PER CURIAM.

Henry Thomas appeals an order finding him in contempt due to his numerous meritless filings on the same issue, which has already been reviewed and disposed of by this Court adversely to Thomas.[1]

As the thorough order on appeal points out, since Thomas's conviction and sentence became final in 2007, Thomas has raised the identical issue for relief (i.e., that the charging document was fraudulently or improperly filed) six times in the form of postconviction motions and habeas corpus petitions.

After raising the same exact issue for the sixth time in an April 17, 2014 petition for habeas corpus, the trial court denied the petition and issued an order directing Thomas to show cause why he should not be adjudged in contempt of court.

---

[1] On May 13, 2005, in lower tribunal case number 03-5870, a jury found Thomas guilty of four counts of third degree grand theft and one count of conspiracy to commit grand theft. On August 22, 2005, Thomas was sentenced to twenty-five years in prison as a habitual offender. Thomas's direct appeal was affirmed by this Court on August 22, 2007. See Thomas v. State, 963 So. 2d 718 (Fla. 3d DCA 2007) (Table).

On many other occasions, this Court has reviewed Thomas's related, unsuccessful postconviction motions and petitions regarding lower tribunal case number 03-5870. See Thomas v. State, 134 So. 3d 468 (Fla. 3d DCA 2014) (Table); Thomas v. State, 140 So. 3d 594 (Fla. 3d DCA 2013) (Table); Thomas v. State, 119 So. 3d 1262 (Fla. 3d DCA 2013) (Table); Thomas v. State, 121 So. 3d 560 (Fla. 3d DCA 2013) (Table); Thomas v. State, 86 So. 3d 1133 (Fla. 3d DCA 2012) (Table); Thomas v. State, 43 So. 3d 60 (Fla. 3d DCA 2010) (Table); Thomas v. State, 993 So. 2d 532 (Fla. 3d DCA 2008) (Table); Thomas v. McRay, 928 So. 2d 353 (Fla. 3d DCA 2006) (Table).

Thomas answered the trial court's order by written response arguing that the State was attempting to "mislead" the trial court. Thomas's response, however, acknowledged that his stated ground for relief had been previously decided on the merits, as well as on procedural grounds. The trial court found Thomas in contempt of court and prohibited Thomas from the further filing of any pro se pleadings or papers related to lower tribunal case number 03-5870. Thomas filed the instant appeal.

We affirm the order finding Thomas in contempt. See Carter v. State, 954 So. 2d 1185, 1186 (Fla. 4th DCA 2007) ("To establish criminal contempt, the evidence must establish a 'willful act or omission calculated to embarrass or hinder the court or obstruct the administration of justice.'") (quoting Forbes v. State, 933 So. 2d 706, 712 (Fla. 4th DCA 2006)); Fair v. Lo Scalzo, 287 So. 2d 327, 329 (Fla. 2d DCA 1973) (finding the filing of a pleading that contained contemptuous statements constituted criminal contempt).

ORDER TO SHOW CAUSE

Thomas is hereby directed to show cause, within forty-five days from the date of this opinion, why he should not be prohibited from filing with this Court any further pro se appeals, petitions, motions or other proceedings related to lower tribunal case number 03-5870.

If Thomas does not demonstrate good cause, any such further and unauthorized filings by Thomas will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including forfeiture of gain time. See § 944.279(1), Fla. Stat. (2014).

Affirmed. Order to show cause issued.